**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Payless Shoesource, Inc., a Missouri corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Pacific Employers Ins. Co., a Pennsylvania corporation; and Gallagher Bassett Services, Inc., a Delaware corporation,<br><br>    Defendants. | No. CV-08-2317-PHX-DGC<br><br>**ORDER** |

In October 2001, Sherri Zander, a former employee of Payless Shoesource, Inc. ("Payless"), made a workers' compensation claim after being injured during a robbery of a Payless store in Phoenix, Arizona. Pacific Employers Insurance Company ("Pacific") provided workers' compensation insurance for Payless. Gallagher Bassett Services, Inc. ("Gallagher") served as the claims administrator.

In July 2003, Zander filed suit in state court against Payless, Pacific, and Gallagher, alleging that they mishandled and delayed paying her claim. Pacific was dismissed and Gallagher obtained summary judgment. Payless and Zander settled.

On October 20, 2008, Payless filed a complaint in state court against Pacific and Gallagher. The complaint asserts five claims: indemnity, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, and detrimental reliance. Payless seeks as damages the attorney fees incurred and the settlement amount paid in the Zander litigation. Dkt. #1-2 at 4-15. The case has been removed to this Court. Dkt. #1.

Defendants have filed a motion for summary judgment. Dkt. #32. The motion has been fully briefed. Dkt. ##36, 41. No party has requested oral argument. For reasons that follow, the Court will grant the motion in part and deny it in part.

**I.      Summary Judgment Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.     Discussion.**

Defendants argue that Payless cannot establish essential facts for its indemnity, breach of the duty of good faith and fair dealing, and promissory estoppel claims. Defendants further argue that those claims and the breach of contract claim are time barred. Finally, Defendants argue that detrimental reliance is not a legally cognizable claim. The Court will address each argument. The Court will follow the parties' lead and apply Arizona law.

**A.      Count One – Indemnity.**

Payless asserts a claim for indemnity in count one of the complaint. Dkt. #1-2 at 6-7. Defendants argue that Payless does not have a cognizable claim for indemnity and, in the alternative, that the claim is time barred. Dkt. #32 at 6-9.

Arizona recognizes both contractual and common law indemnity claims. Contractual indemnity is "where an express provision in a contract defines the obligation[.]" *GM Motors Corp. v. Maritz, Inc.*, No. 02-CV-2132-PHX-PGR, 2009 WL 1259376, at *2 (D. Ariz. May

6, 2009). Common law indemnity is set forth generally in section 76 of the Restatement (First) of Restitution (1937):

> A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

Pursuant to the Restatement and equitable principles of restitution, in the absence of an express indemnity agreement, a party has a common law right to indemnity "when there is an implied contract for indemnity or when justice demands there be a right." *INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.*, 722 P.2d 975, 979 (Ariz. Ct. App. 1986).

Payless asserts common law theories of indemnity in count one. Specifically, Payless alleges that "it is entitled to common law indemnity, implied contractual indemnity, and/or equitable indemnity from Defendants[.]" Dkt. #1-2 at 6-7. Defendants contend that these common law claims fail because Payless' settlement with Zander does not discharge any duty or obligation Defendants may have owed to Zander and because the Zander litigation established that Payless is not free from fault. Dkt. #32 at 6-8. Payless counters that there was no finding of fault on its part in the Zander litigation, and that to the extent fault may be found, Payless was merely a passive tortfeasor and therefore has a valid common law indemnity claim against Defendants, the active tortfeasors. Dkt. #36 at 9-10. Payless further asserts that the settlement of the Zander litigation covered more than Payless' own separate conduct. *Id.* at 12.

The Court need not determine whether Payless has presented evidence supporting a common law indemnity claim against Gallagher. "In Arizona, an express indemnification agreement preempts *any* common law theories." *GM Motors Corp.*, 2009 WL 1259376, at *3 (emphasis in original). The undisputed evidence shows an express indemnification agreement between Payless and Gallagher. The parties had an oral contract that was in effect during the pendency of the Zander claim, and the specific terms of that agreement were memorialized in a written contract. Dkt. ##37 & 42, ¶¶ 16-17. Pursuant to the indemnification provision of the parties' contract, Gallagher agreed to "defend, indemnify,

protect, save, and keep harmless [Payless] from any and all loss, cost, damage or exposure arising from the negligent acts or omissions of [Gallagher]." Dkt. #37-1 at 31; *see* Dkt. #32-17 at 3. Where, as here, "there is an express indemnity contract, the extent of the duty to indemnify must be determined from the contract, and not by reliance on [common law] principles." *INA Ins. Co.*, 722 P.2d at 979 (citations omitted); *see Schweber Elecs. v. Nat'l Semiconductor Corp.*, 850 P.2d 119, 123 (Ariz. Ct. App. 1992); *Evans Withycombe, Inc. v. W. Innovations, Inc.*, 159 P.3d 547, 552 (Ariz. Ct. App. 2006); *MT Builders, L.L.C. v. Fisher Roofing Inc.*, 197 P.3d 758, 763 (Ariz. Ct. App. 2008). The Court will grant summary judgment in favor of Gallagher with respect to count one. *See id.* at *4 ("GM cannot, as a matter of law, prevail on a common law claim [because] an express indemnity provision does exist[.]"). This ruling does not, of course, preclude Payless from asserting, in connection with its breach of contract claim (count two), a contractual right to indemnification from Gallagher.

Having reviewed the summary judgment papers, and having considered the evidence of record, the Court concludes that Pacific is also entitled to summary judgment on count one. It is undisputed that Payless had a half million dollar self-insurance retainer under the insurance policy provided by Pacific, that this amount was never exceeded in the Zander claim, and that Payless therefore elected to do its own claims administration through Gallagher. Dkt. ##32-1 & 37, ¶¶ 6-8. It is also undisputed that Payless never tendered the Zander claim to Pacific (*id.* ¶ 9), and that during the Zander litigation Payless demanded that Gallagher, but not Pacific, indemnify Payless for the damages being sought by Zander (*id.* ¶¶ 17-19). Payless makes clear in its response that its indemnity claim is directed not at Pacific, but at Gallagher: "Payless only became liable to Zander due to the alleged inappropriate investigation, delay, and initial denial of Zander's claim *by Gallagher*. Since Payless became liable to Zander *solely because of Gallagher's fault*, Payless would be entitled to indemnity *from Gallagher*." Dkt. #36 at 12 (emphasis added); *see id.* at 8 ("The original contract which forms the basis of this litigation is the agreement between Gallagher and Payless that Gallagher would indemnify Payless and hold Payless harmless from any and

all claims arising out of Gallagher's administration of Payless' workers' compensation claims."), at 10 ("[I]t became Gallagher's sole responsibility to investigate the claim and to make a determination as to whether the claim was valid and payable. It is Gallagher's actions in investigating and denying the claim which gave rise to the Zander litigation.").

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims[.]" *Celotex*, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Payless has the burden of establishing an entitlement to indemnity. *See INA Ins. Co.*, 722 P.2d at 982. Because Payless has presented no argument or evidence supporting an indemnity claim against Pacific (*see* Dkt. ##36, 37), the Court will grant summary judgment on count one in Pacific's favor.

Because the Court will grant summary judgment on count one for the reasons stated above, it need not address Defendant's alternative argument that the claim is time barred. *See* Dkt. #32 at 8-9.

**B.     Count Three – Breach of the Covenant of Good Faith and Fair Dealing.**

"Arizona law implies a covenant of good faith and fair dealing in every contract." *Enyart v. Transamerica Inc. Co.*, 985 P.2d 556, 561 (Ariz. Ct. App. 1998). That covenant "prohibits a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons*, 38 P.3d 12, 28 (Ariz. 2002) (en banc). Payless alleges in count three that Defendants have failed and refused "to perform their duties in good faith and deal fairly with Payless and its former employee, Zander, under [the] insurance policy issued to Payless and pursuant to the contractual agreement between Payless and Gallagher in reference to the administration of Zander's underlying worker's compensation claim." Dkt. #1-2 at 7-8.

Defendants argue that Payless cannot prove an essential element of its claim, that is, that Defendants prevented Payless from receiving contractual benefits and entitlements.

Dkt. #32 at 10-11. Payless does not respond to this argument to the extent it applies to Pacific. The Court will therefore grant summary judgment on count three in favor of Pacific. *See Celotex*, 477 U.S. at 322.

Payless argues that its claim for indemnity against Gallagher clearly shows that Gallagher prevented Payless from receiving contractual benefits and entitlements. Payless asserts that one of the benefits of the contract between Gallagher and Payless was that Gallagher was to properly investigate workers' compensation claims, that Gallagher failed to conduct a proper investigation of Zander's claim, and that this caused Payless harm and violated the duty of good faith and fair dealing owed to Payless. Dkt. #36 at 13. Gallagher does not address this argument in its reply brief. *See* Dkt. #41 at 6.

The Court cannot conclude from the present record that, as a matter of law, Plaintiff has no claim against Gallagher for breach of the covenant of good faith and fair dealing. The Court will deny summary judgment to the extent count three is asserted against Gallagher.

### C. Count Four – Promissory Estoppel.

Defendants contend that because Payless alleges the existence of an oral contract between Payless and Gallagher, count four fails as a matter of law because a promissory estoppel claim does not arise out of contract. Dkt. #32 at 11. Payless concedes that promissory estoppel is an equitable remedy, but correctly notes that it is a proper claim for relief as an alternative to its breach of contract claim. Dkt. #36 at 13 (citing *AROK Constr. Co. v. Indian Constr. Servs.*, 848 P.2d 870, 878 (Ariz. Ct. App. 1993)). The Court will deny summary judgment with respect to count four.

### D. Counts Two through Four – Statute of Limitations.

The parties agree that the applicable statute of limitations for counts two through four is three years. Dkt. ##32 at 10, 36 at 8. Defendants contend that counts two through four are time barred because any facts supporting those claims were well known to Payless between 2001 and 2005, but Payless did not commence suit until October 2008. Dkt. #32 at 10. Payless asserts, and Defendants do not dispute, that counts two through four arise out of the oral contract for indemnity between Payless and Gallagher. Payless argues that the claims

1  did not accrue until Payless actually settled with Zander on October 20, 2006, and the claims
2  were therefore timely filed two years later. Dkt. #36 at 8.

3  The right to indemnity "exists when there is a legal obligation on the indemnitee to pay or a sum is paid by him for which the indemnitor should make reimbursement." *INA Ins. Co.*, 722 P.2d at 980; *see MT Builders*, 197 P.3d at 763; *James v. Burlington N. Santa Fe Ry. Co.*, 636 F. Supp. 961, 966 n.4 (D. Ariz. 2007); *see also States Steamship Co. v. Am. Smelting & Refining Co.*, 339 F.2d 66, 70 (9th Cir. 1965). Contrary to Defendants' suggestion (Dkt. #32 at 10), "[s]uch an obligation or sum cannot be imposed solely by a third-party's unproven allegations against the indemnity parties[.]" *INA Ins. Co.*, 722 P.2d at 980. An indemnity claim therefore accrues only when liability is established or when an indemnitee actually pays a sum to discharge potential liability. *See id.*; *MT Builders*, 197 P.3d at 764. Payless was legally obligated to pay a sum to Zander when they executed a settlement and release agreement on October 20, 2006. *See* Dkt. #32-30 at 6-7. Payless commenced this action October 20, 2008 (Dkt. #1-2 at 4-9), one year before the three-year limitation period expired. The Court will deny summary judgment with respect the argument that counts two through four are time barred.

### E. Count Five – Detrimental Reliance.

Defendants argue, correctly, that detrimental reliance is not an independent cause of action, but instead is an element of a promissory estoppel claim. Dkt. #32 at 11 (citing *Contempo Constr. v. Mountain States Tel. & Tel. Co.*, 736 P.2d 13, 16 (Ariz. Ct. App. 1987)). The Court will grant summary judgment on count five.

## III. Conclusion.

The Court will grant summary judgment on the common law indemnity claim (count one) and the detrimental reliance claim (count five). With respect to the breach of the covenant of good faith and fair dealing claim (count three), the Court will grant summary judgment with respect to Pacific and deny it as to Gallagher. The Court will deny summary on the promissory estoppel claim (count four). The Court will also deny summary judgment with respect to the argument that the statute of limitations bars the claims for breach of

contract (count two), breach of the covenant of good faith and fair dealing claim, and promissory estoppel.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Dkt. #32) is **granted in part** and **denied in part** as set forth in this order.

2. The Court will set a final pretrial conference by separate order.

DATED this 24th day of November, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge